UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 21-4040 MWF (ASx) | Date:  August 3, 2021 |
| Title: | Nelson Daniel Farr Bunker v. Red Bull North America, Inc. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO DISMISS [8]; MOTION TO REMAND [13]

Before the Court are two motions:

The first is Defendant Red Bull North America, Inc.'s ("Red Bull") Motion to Dismiss (the "Motion to Dismiss"), filed on June 3, 2021.  (Docket No. 8).  Plaintiffs Nelson Daniel Farr Bunker and Nelson Daniel Farr filed an opposition on June 28, 2021.  (Docket No. 19).  Defendant filed a reply on July 12, 2021.  (Docket No. 24).

The second is Plaintiffs' Motion to Remand Case to Los Angeles County Superior Court (the "Motion to Remand"), filed on June 11, 2021.  (Docket No. 13).  Defendant filed an opposition on June 28, 2021.  (Docket No. 20).  Plaintiffs filed a reply on July 12, 2021.  (Docket No. 23).

The Court has read and considered the papers filed in connection with the Motions and held a telephonic hearing on **July 26, 2021**, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion to Remand is **GRANTED**.  The Complaint does not raise a federal question under the act of state doctrine.  The Motion to Dismiss is therefore **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4040 MWF (ASx)           Date:  August 3, 2021
Title:    Nelson Daniel Farr Bunker v. Red Bull North America, Inc.

## I. BACKGROUND

Plaintiff commenced this action on March 30, 2021, in Los Angeles County Superior Court ("LASC").  (*See* Complaint (Docket No. 1-1)).  Plaintiffs, dual citizens of the United States and Guatemala, allege that pilot Steven Andelin ("Andelin") negligently engaged in acrobatic stunts during a practice session the day before an air show organized by the Aeroclub of Guatemala in Iztapa, Guatemala.  (*Id.* ¶¶ 1-3, 16-24).  Plaintiffs allege that Andelin was negligent by flying "at a low altitude, directly over congested areas including the club and spectators," when he crashed the aircraft.  (*See id*.).  Plaintiff Philip Farr was injured, and his mother and grandmother were killed in the crash, along with Andelin.  (*See id.* ¶ 22).

Based on these allegations, Plaintiff asserts the following claims:  (1) negligence (wrongful death and survivor action); and (2) negligence (personal injury action).  (*See generally id*.).

On May 13, 2021, Red Bull filed the Notice of Removal ("NoR"), invoking this Court's federal question jurisdiction.  (Docket No. 1).

## II. LEGAL STANDARD

Courts should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4040 MWF (ASx)         Date:  August 3, 2021
Title:    Nelson Daniel Farr Bunker v. Red Bull North America, Inc.

## III. DISCUSSION

Plaintiffs move to remand this case to LASC on the basis that the two negligence claims in the Complaint do not give rise to a federal question. (Motion to Remand at 1). Red Bull argues that the Court has federal question jurisdiction through the "act of state doctrine" because Plaintiffs' negligence claims are premised on behavior that was sanctioned by the Guatemalan government pursuant to Convention on International Civil Aviation, 61 stat. 1180, 15 U.N.T.S. 295, T.I.A.S. No. 1591 (1944) ("Chicago Convention"). (Opposition to Motion to Remand at 1).

The act of state doctrine is "a rule of decision requiring that the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 897 F.3d 1141, 1148 (9th Cir. 2018) (internal citations and quotation marks omitted); *see also Royal Wulff Ventures LLC v. Primero Mining Corp.*, 938 F.3d 1085, 1092 (9th Cir. 2019) ("[T]he [act of state] doctrine bars suit where '(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act.'" (citation omitted)).

The act of state doctrine serves as the basis for federal question jurisdiction when the "governmental action is a central element of the claim or its validity is disputed by the parties." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1092 (9th Cir. 2009).

Red Bull asserts that the Guatemala's General Directorate of Civil Aeronautics ("DGAC") issued a Certificate of Waiver (the "Certificate") permitting Andelin to fly at low altitudes and directly over crowds in connection with the Iztapa Air Show, which is the same conduct that forms the basis of Plaintiffs' claims. (Opposition to Motion to Remand at 7) (citing Complaint ¶ 24 ("Mr. Andelin was performing improper and unsafe aerobatic flying maneuvers at a low altitude, directly over

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4040 MWF (ASx)          **Date:** August 3, 2021
**Title:** Nelson Daniel Farr Bunker v. Red Bull North America, Inc.

congested areas including the club and spectators, where he should not have been performing.")). Red Bull argues that the Certificate is central to Plaintiff's negligence claims, and therefore invokes the act of state doctrine as articulated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), because it informs the Court's analysis on the elements of causation and breach. (*Id.*).

As a preliminary matter, the Court notes that the Certificate is not before this Court and Red Bull acknowledges that it does not even have a copy of the Certificate. (Opposition to Motion to Remand at 5 n.2). Even if Red Bull had provided a copy of the Certificate in connection with its Opposition, it would be inappropriate for this Court to consider the Certificate as a basis for removal because it is not part of the pleadings. *See, e.g.*, *Eguia v. Arc Imperial Valley*, 2012 WL 6061323, *3-*4 (S.D. Ca. Dec. 6, 2012) (explaining removal cannot be based on documents submitted by defendants, as opposed to pleadings and other papers from plaintiff). Given that the Complaint contains only state law claims and makes no reference to the Certificate, the Motion to Remand could be granted on this basis alone. *See Caterpillar*, 482 U.S. at 392 ("federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint").

Even if the Court were to ignore this threshold issue, the Court is not convinced that the Supreme Court's decision in *Grable* supports Defendant's position that the Certificate would implicate the act of state doctrine here.

In *Grable*, the Supreme Court articulated the test for determining whether state law claims invoke the act of state doctrine: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013).

The federal question in *Grable* was deemed both contested and substantial because (1) the federal question of whether the IRS had complied with a federal statute was the only contested issue in the case; and (2) the federal question "presented a

**CIVIL MINUTES—GENERAL**        4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4040 MWF (ASx)          **Date:** August 3, 2021
**Title:**     Nelson Daniel Farr Bunker v. Red Bull North America, Inc.

nearly 'pure issue of law,' . . . that could be settled once and for all and thereafter would govern numerous tax sale cases." *Ilczsyzn v. Southwest Airlines, Co.*, No. C-15-2768 EMC, 2015 WL 5157372, * 2 (N.D. Ca. Sept. 1, 2015) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006)).

     In *Empire*, the Supreme Court emphasized that *Grable*'s holding is limited to a very "special" and "slim" category of cases. *See Stevens v. Moore*, CV-1701-AWI BAM, 2015 WL 1637953, * 4 (E.D. Cal. April 13, 2015) (citing *Empire*, 547 U.S. at 699- 700). Those cases have "historically . . . been ones involving a federal agency's interpretation of a federal statute." *Depuy v. Aircraft Spruce & Specialty, Co.*, CV 17-7226-R, 2018 WL 376701, * 2 (C.D. Cal. Jan. 10, 2018) (citations omitted) (emphasis added). *See also Sesay v. Hawker Beechcraft Corp., et al.*, CV-04637-JHN (CWx), 2011 WL 7501887, *4 (C.D. Cal. Dec. 9, 2011) (same).

     This action does not appear to be one that would fall within the "special" and "slim" category of cases contemplated by *Grable* because it involves neither a federal agency nor a federal statute. (*See generally* Complaint).

     *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009) is instructive. In *Provincial*, the plaintiff sued an American corporation for damages allegedly caused by the company's mining operations, including severe land and water pollution. 582 F.3d at 1084. The operative complaint alleged that the President of the Philippines (1) overturned a government proclamation in order to allow the defendant to mine a forest reserve; (2) ordered "a government commission to issue a permit," which allowed the dumping of toxic materials into the water; (3) ordered that same pollution commission "to remove restraints on dumping"; and (4) "order[ed] a pollution control board not to enforce a cease and desist order." *Id.* The defendant argued that removal was proper under the act of state doctrine because the complaint "was premised upon conduct that occurred pursuant to government permits and other acts or omissions by the Philippine government." *Id.* (emphasis added).

     The Ninth Circuit determined that removal was improper, emphasizing the distinction between "alleging government action [which] led to the defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-4040 MWF (ASx)         Date: August 3, 2021
Title:     Nelson Daniel Farr Bunker v. Red Bull North America, Inc.

challenged conduct," and "determining whether that government action is a central element of the claim or its validity is actually disputed by the parties." *Id.* at 1090. The Ninth Circuit viewed as "[m]ost important" the fact that "the parties' dispute as framed by the complaint does not require us to pass on the validity of the Philippines' governmental actions." *Id.* "At best, the allegations regarding the Philippine government's involvement in [defendant's] endeavors, if true, may serve as a defense to the [plaintiff's] claims." *Id.* at 1092. Thus, the Ninth Circuit found that the complaint "does not present a federal question based upon the act of state doctrine." *Id.*

     Given that the complaint in *Provincial* did not present a federal question based on the act of state doctrine, it is clear that the Complaint in this action likewise lacks a federal question. Unlike the complaint in *Provincial*, which explicitly referenced numerous acts taken by the President of the Philippines that allegedly gave rise to defendant's misconduct, the Complaint here makes no reference to any government action whatsoever. *See id.* at 1084. Even if the Complaint did reference the acts of the Guatemalan government, it would merely signal the availability of a possible defense to Plaintiff's negligence claims, rather than showing that the action is "a central element of the claim or [that] its validity is actually disputed by the parties." *See id.* at 1092. It is well-settled that a case may ***not*** be removed to federal court on the basis of a federal defense, "even if the defense is anticipated in the plaintiff's complaint . . . and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Board,* 463 U.S., at 12, 103 S.Ct., at 2847-2848).

     At the hearing, Defendant reiterated its argument that Plaintiff cannot benefit from the well-pleaded complaint rule by "artfully pleading" his way around a federal question. (Opposition at 6) (citing *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) ("Under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'")). In *Justmed*, the Ninth Circuit determined that, although the Complaint raised only state law trade secret and conversion claims, the "allegations directly implicate the Copyright Act" because,

---

**CIVIL MINUTES—GENERAL**                         6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-4040 MWF (ASx) | Date: | August 3, 2021 |
| Title: | Nelson Daniel Farr Bunker v. Red Bull North America, Inc. | | |

to prevail on those state law claims, the plaintiff would need to apply the "work-for-hire doctrine" arising under federal copyright law. *See JustMed*, 600 F.3d at 1125.

Defendant argues that the federal question here is implicit in Plaintiff's negligence claims because the conduct underlying the negligence claims is the ***exact*** conduct authorized by the Certificate issued by the DGAC: flying at low altitudes and directly over crowds. (Opposition at 7). As that may be, the fact that the Certificate authorized the exact conduct at issue does not mean that the Certificate is ***essential*** to Plaintiff's negligence claims. Plaintiff's ability to state a plausible negligence claim is completely untethered to the existence of the Certificate. Plaintiff is alleging that Andelin failed to exercise the requisite level of care, not that he was acting in violation of the Certificate or any other "act of state." Therefore, as discussed above, the Certificate merely provides a potential defense to Plaintiff's claims. The Court is not persuaded that the act of state doctrine is essential to Plaintiff's claims or otherwise gives rise to federal question jurisdiction.

Accordingly, the Motion to Remand is **GRANTED**. The action is **REMANDED** to the Los Angeles County Superior Court. The Motion to Dismiss is **DENIED** *as moot*.

IT IS SO ORDERED.